UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
UNITED STATES OF AMERICA,

    -against-

JUAN DOMINGUEZ,

                          Defendant.
------------------------------------- x

MEMORANDUM DECISION
AND ORDER

15 Cr. 401-2 (GBD)

GEORGE B. DANIELS, United States District Judge:

Defendant Juan Dominguez moves for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A). (*See* Mem. of Law in Supp. of Mot. to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), ("Def. Mem."), ECF No. 94.) The Government opposes Defendant's motion. (*See* Mem. of Law of USA in Opp. to Def.'s Mot. for Compassionate Release, dated March 2, 2021 ("Gov't Opp'n."), ECF No. 95.) Defendant argues that his preexisting medical conditions, the risks posed by his incarceration during the COVID-19 pandemic, his rehabilitation while incarcerated, and other factors present "extraordinary and compelling" reasons for his immediate release. (Def. Mem. at 1.) Defendant's motion is DENIED.

## I. BACKGROUND

Defendant is currently serving a mandatory minimum sentence of 120 months' imprisonment after pleading guilty to conspiracy to distribute and possess with the intent to distribute 500 grams and more of methamphetamine, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(A). (J., ECF No. 67, at 1.) Defendant is currently at Residential Reentry Management Center New York, and his projected release date is June 10, 2025. *See Inmate Locator,* FED. BUREAU PRISONS, https://www.bop.gov/inmateloc/ (last accessed May 9, 2023).

## II. LEGAL STANDARD

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) allows a court to reduce a term of imprisonment (and impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after assessing the factors set forth in Section 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Further, any such reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Circumstances relating to defendant's medical condition, age, and family circumstances qualify as "extraordinary and compelling reasons[.]" United States Sentencing Guidelines § 1B1.13, Appl. Note 1(A)-(C). There is also a catchall condition for "an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* § 1B1.13, Appl. Note 1(D). Finally, the defendant must not be "a danger to the safety of any other person or to the community." *Id.* § 1B1.13(2).

## III. DEFENDANT HAS NOT ESTABLISHED AN EXTRAORDINARY AND COMPELLING REASON FOR HIS RELEASE

Defendant bears the burden of proving that "extraordinary and compelling reasons" exist under 18 U.S.C. § 3582(c)(1)(A) to justify release. *See United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease"); *United States v. Ebbers*, 432 F. Supp. 3d 421, 426–27 (S.D.N.Y. 2020) ("The defendant has the burden to show he is entitled to a sentence reduction."). Here, Defendant argues that his preexisting medical conditions, including obesity, high blood pressure, and status as a former smoker, put him at increased risk of severe illness or death if he were to contract COVID-19. (Def. Mem. at 9.) Defendant also argues that compassionate release is appropriate to avoid unwarranted sentencing disparities with his co-defendant, who received a sentence of time served and a period of home confinement due to his

health conditions. (*Id.* at 1, 19; ECF No. 81 at 1-2.) Finally, Defendant argues that his rehabilitation while incarcerated and his family ties ensure he will thrive upon release and that granting his release would be consistent with the 18 U.S.C § 3553(a) sentencing factors. (*Id.* at 21, 23.) The Government contends that the Defendant's medical conditions do not constitute "extraordinary and compelling reasons" for his release. (Gov't Opp'n at 3.) The Government further argues that the Section 3553(a) factors, including the Defendant's criminal history and the need for deterrence, overwhelmingly weigh against early release. (*Id.* at 4-5.)

Even considering his underlying medical conditions, Defendant has failed to demonstrate "extraordinary and compelling reasons" justifying compassionate release. The Defendant's health conditions, combined with the mere existence of COVID-19, do not present extraordinary and compelling reasons for his release. Courts in this Circuit have repeatedly held that a Defendant's elevated risk of developing COVID-19 symptoms is insufficient to justify compassionate release. *See United States v. Skyers*, No. 16 Crim. 377 (MKB), 2021 WL 2333556, at *3 (E.D.N.Y. June 7, 2021) (denying compassionate release to defendant with asthma, obesity, and hypertension because COVID-19 was under control at the defendant's prison facility, and "a generalized fear of contracting COVID-19 does not constitute extraordinary and compelling circumstances warranting release."); *United States v. Malloy*, No. 7 Crim. 898 (VM), 2023 WL 2237504, at *4 (S.D.N.Y. Feb. 27, 2023). Moreover, "since [Defendant] filed his motion, the threat from COVID-19 has diminished nationwide and within the BOP." *United States v. Roman*, No. 19 Crim. 116 (KMW), 2022 WL 17819525, at *2 (S.D.N.Y. Dec. 20, 2022).

Defendant's sentencing disparity argument is also without merit. Co-defendant Hernandez-Torres had no criminal history and was therefore eligible for a safety valve treatment under U.S.S.G. § 5C1.2(a)(1)-(5). (*See* J., ECF No. 93; *see also* Gov't Opp'n at 5.) By contrast,

3

Defendant had a felony conviction for a previous federal narcotics conspiracy, for which he was sentenced to 70 months' imprisonment. (*See* J., ECF No. 67; *see also* Gov't Opp'n at 2.) Defendant had finished his term of supervised release just six weeks before he was intercepted on a wiretap discussing narcotics trafficking in the instant case. Thus, any difference between the two sentences is warranted.

Defendant is commended for his rehabilitation efforts, good conduct, and lack of disciplinary infractions while incarcerated. (*See* Def Mem. at 6, 15.) However, these do not constitute extraordinary or compelling reasons justifying his release. *See United States v. Stephens*, 605 F. Supp. 3d 499, 502-03 (W.D.N.Y. 2022); *see also United States v. Frazier*, No. 17 Crim. 364-7 (CS), 2023 WL 2139520, at *1 (S.D.N.Y. Feb. 21, 2023).

Finally, the 18 U.S.C. § 3553(a) factors sentencing factors strongly counsel against the Defendant's release. The nature, circumstances, and seriousness of Defendant's offenses indicate that the sentence currently imposed remains sufficient but not greater than necessary in this case. Defendant's current sentence appropriately reflects the gravity of his offenses, the weight of his prior criminal history, and the need for deterrence.

Because Defendant has not demonstrated "extraordinary and compelling" reasons to reduce his sentence, Defendant's request for compassionate release is DENIED. The Clerk of Court is hereby directed to close the open motion at ECF No. 94, to mail a copy of this Memorandum and Order to Defendant, and to note the mailing on the docket.

Dated: May 11, 2023
      New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

4